1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   JANET PALMER-CARRI,                    Case No.: 3:17-cv-02248-GPC-BGS

12                            Plaintiff,
                                           **ORDER DENYING PLAINTIFF'S**
13   v.                                    **MOTION FOR APPOINTMENT OF**
                                           **COUNSEL WITHOUT PREJUDICE**
14   STATE OF CALIFORNIA; STATE
     GOVT AGENCIES; POLICE OF SAN          **[ECF No. 4]**
15   DIEGO COUNTY; JERRY BROWN,
     Governor; OFFICE OF ATTORNEY
16   GENERAL,

17
                            Defendants.
18

19
           On November 3, 2017, Plaintiff filed this action *pro se* against the State of
20
     California and its agencies, the Police of San Diego County, Governor Jerry Brown, and
21
     the Office of the Attorney General.  (ECF No. 1.)  Plaintiff has paid the filing fee for this
22
     action.  (*See id.*)  On November 15, Plaintiff filed a motion for appointment of counsel in
23
     light of her inability to afford retained consel.  (ECF No. 4.)
24
           Generally, a civil plaintiff has no right to appointed counsel.  *See Hernandez v.*
25
     *Whiting*, 881 F.2d 768, 770-71 (9th Cir. 1989).  A district court, however, "may request
26
     an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).
27
     Under the law of this circuit, court appointment of counsel requires a finding of
28

1

"exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In order to assess whether such circumstances exist, the Court must evaluate both a petitioner's (a) likelihood of success on the merits and (b) ability to articulate her claims in light of the complexity of the legal issues involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). The Ninth Circuit has determined that not every difficulty a *pro se* plaintiff encounters in prosecuting her case is a complexity entitling her to counsel. *Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for [the] development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims pro se, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel." )

Here, at this time, based on the Complaint, the Court cannot determine whether Plaintiff is likely to succeed on the merits of her claims. In addition, Plaintiff has not made a showing of her inability to articulate the basis of her claims in light of the complexities of the issues involved.

Under these circumstances, the Court **DENIES** Plaintiff's request for appointment of counsel **without prejudice**.

**IT IS SO ORDERED.**


Dated: December 1, 2017

Hon. Gonzalo P. Curiel
United States District Judge