UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET PALMER-CARRI,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; STATE GOVERNMENT AGENCIES; POLICE OF SAN DIEGO COUNTY; JERRY BROWN, Governor; and OFFICE OF ATTORNEY GENERAL,<br><br>　　　　　　　　Defendants. | Case No.: 3:17-cv-02248-GPC-BGS<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[ECF No. 8]** |

Before the Court is a motion to dismiss filed by the State of California ("California"). (ECF No. 8.) The Court issued a briefing schedule setting a deadline for Plaintiff to file a response in opposition no later than January 12, 2018. (ECF No. 9.) Plaintiff has not filed an opposition. Nonetheless, in light of Plaintiff's status as a *pro se* litigant, the Court will proceed to evaluate the substantive merits of California's motion.

According to Plaintiff's complaint, police officers have violated Plaintiff's civil and human rights by partaking in crimes against Plaintiff and doing "nothing to prevent or solve them." (ECF No. 1 at 3.) Plaintiff also alleges that police officers have harassed and engaged in illegal surveillance of Plaintiff. (*Id.*) As a result, Plaintiff alleges that she

has been hospitalized on multiple occasions and has been forced to sleep in her car and at hotels. (*Id.*)

California moves to dismiss under Rule 12(b)(6), asserting that Plaintiff fails to state a claim against California because her claims are barred by California's sovereign immunity under the Eleventh Amendment. A Rule 12(b)(6) motion attacks the complaint as not containing sufficient factual allegations to state a claim for relief. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court agrees with California that Plaintiff fails to state a plausible claim for relief against California because her claims are barred by the Eleventh Amendment. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. This state sovereign immunity in federal court also applies to suits against a state by its own citizen. *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004). The immunity applies unless the state at issue has consented to waive its sovereign immunity or Congress abrogates it. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984). "While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court[, and] Congress has not repealed State sovereign immunity against suits under 42 U.S.C. § 1983." *Kennedy v. Lopez*, No. CV 09-1972-CJC (PLA), 2010 WL 1444871, at *3 (C.D. Cal. Mar. 8, 2010). As such, Plaintiff is "plainly barred by the Eleventh Amendment from suing the State of California in federal court." *Ass'n des Eleveurs de Canards et d'Poes du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013); *see also Curry v. Cty. of Los Angeles*, No. CV 07-7802-VAP (RNB), 2009 WL 1684578, at *13 (C.D. Cal. June 16, 2009) ("Nor do

2

3:17-cv-02248-GPC-BGS

such acts give rise to any federal civil rights claims against defendant Vodnoy in his official capacity, since the real party in interest for such claims would be the State of California, which is immune from liability for federal civil rights claims under the Eleventh Amendment.").

Because the State of California is the only movant in the instant motion and is immune from suit under the Eleventh Amendment, the motion to dismiss must be GRANTED. It is clear that Plaintiff is barred from bringing suit against California in federal court, and that "allegations of other facts consistent with the challenged pleadings could not possibly cure the deficiency" with respect to Plaintiff's claims against California. *Miller v. Bank of Am., Nat'l Ass'n*, 858 F. Supp. 2d 1118, 1122 (S.D. Cal. 2012) (quoting *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992)). The Court therefore dismisses Plaintiff's claims against California with prejudice.

The hearing scheduled for February 9, 2018, is hereby VACATED.

**IT IS SO ORDERED.**

Dated: January 31, 2018

Hon. Gonzalo P. Curiel
United States District Judge